IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-03-360 (2) |
| | § | C.A. No. C-05-71 |
| JOSE GUADALUPE TREVINO, JR. | § | |
| Defendant/Movant. | § | |

**ORDER GRANTING MOTION TO DISMISS,
DENYING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE
AND DENYING CERTIFICATE OF APPEALABILITY**

On February 14, 2005, the Clerk received from Movant Jose Guadalupe Trevino, Jr. ("Trevino") a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. (D.E. 40).[1] After seeking and receiving an extension of time to respond (D.E. 42, 43), the government filed its answer and motion to dismiss on May 6, 2005.  (D.E. 46).  As discussed herein, two of Trevino's claims challenge the validity of his plea agreement.  Those claims are addressed and denied on their merits. The remaining claim is barred by his valid and enforceable waiver of his right to seek § 2255 relief. For these reasons, discussed in more detail herein, the government's motion to dismiss is GRANTED and Trevino's § 2255 motion is DENIED.

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

## II. FACTS AND PROCEEDINGS

On April 17, 2003, Trevino was charged in a two-count indictment with: (1) knowingly and intentionally conspiring to possess with intent to distribute approximately 121 kilograms of marijuana,

---

[1]     Docket entry references are to the criminal case, C-03-360.

in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846 ("count one"); and (2) aiding, abetting and assisting his co-defendant and other persons known and unknown to the Grand Jurors in knowingly and intentionally possessing with intent to distribute approximately 121 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 18 U.S.C. § 2 ("count two"). (D.E. 1).

On January 16, 2004, Trevino pleaded guilty to count one, pursuant to a written plea agreement. (D.E. 14, 15). In exchange for his guilty plea to count one and his waiver of appellate and § 2255 rights (discussed below), the government agreed to move for the dismissal of count two at sentencing, to recommend that he receive a two-level credit for acceptance of responsibility and to move for a third level credit of acceptance of responsibility, and to recommend a sentence at the low end of the applicable guideline range. (D.E. 15).

The plea agreement contained a voluntary waiver of Trevino's right to appeal and to file a § 2255 motion:

> Defendant is aware that Title 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. The defendant waives the right to appeal the sentence imposed or the manner in which it was determined. The defendant may appeal <u>only</u> (a) the sentence imposed above the statutory maximum; or (b) an upward departure from the Sentencing Guidelines, which had not been requested by the United States. Additionally, the defendant is aware that Title 28, U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding.

(D.E. 15 at ¶ 6)(emphasis in original). The agreement is signed by Trevino and he testified at his rearraignment that he read it completely before signing it, that he had discussed it with his attorney, that he understood it, and that it was his entire agreement. (D.E. 44, Rearraignment Transcript ("R. Tr.") at 23-25).

The Court questioned Trevino under oath at the rearraignment to ensure that his plea was voluntary and knowing and to ensure that he understood and was voluntarily relinquishing his appeal rights and right to file a § 2255 motion.  In emphasizing the waiver of Trevino's § 2255 rights, the Court instructed:

> THE COURT: Also, you would have ordinarily a right for post-conviction remedy, whether or not you appeal.  And you would be allowed to try to set aside the judgment with what's called a post-conviction writ, or writ of habeas corpus, or a 2255, and challenge, try to set aside your judgment based on jurisdiction or constitutionality or in such instances as ineffective assistance of counsel.  If you go forward with this today, you give up that right . Do you understand that?
>
>                                 \*\*\*
>
> THE COURT: Mr. Trevino?
>
> DEFENDANT TREVINO: Yes, Your Honor.

(R. Tr. at 21-22).  It is clear from the foregoing that Trevino's waiver of his § 2255 rights was knowing and voluntary.  <u>See</u> Fed. R. Crim. P. 11(b)(1)(N)(obligating court to ensure defendant understands any waiver of § 2255 rights and appellate rights prior to accepting his plea).

The Court sentenced Trevino on April 26, 2004 to 60 months in the custody of the Bureau of Prisons, to be followed by a four-year term of supervised release, and imposed a $100 fine and a $100 special assessment.  (D.E. 34, 35).  Judgment of conviction and sentence was entered May 5, 2004. (D.E. 35).  Consistent with his waiver of appellate rights, Trevino did not appeal.  His § 2255 motion was received by the Clerk of this Court on February 14, 2005. (D.E. 40).  It is timely.

### III.  MOVANT'S ALLEGATIONS

In his motion, Trevino lists two grounds for relief, which this Court construes as three distinct claims.  His first claim is that his conviction was obtained by the use of a coerced confession.  In his

second ground, he alleges that he entered into his guilty plea "without the understanding of the nature of the charge and the consequences of the plea." (D.E. 40 at 5). In support of his second ground, he asserts:

> When I signed the guilty plea I was told I was looking at 37 months for my sentence by my attorney. I only signed the guilty plea under the advice of my attorney. I was told that I had to debrief with the D.E.A. in this investigation to my full knowledge of what I knew. I fulfilled my end of the agreement from the debriefing, to my guilty plea and the Government failed to keep their part of the agreement towards me.

(D.E. 40 at 5). The Court interprets this second ground as two different claims: (1) that he received ineffective assistance of counsel with regard to his plea; and (2) that the government breached the plea agreement by failing to move for a downward departure based on substantial assistance.

## IV. DISCUSSION

### A.      28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). "[A] collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165, 102 S. Ct. 1584, 1593 (1982).

The Court need not address whether Trevino has procedurally defaulted his claims by failing to appeal.  Rather, the Court concludes that he waived his right to file the first claim in his § 2255 motion, see infra Section IV.D., and thus it does not reach the merits of that claim.  United States v. Wilkes, 20 F.3d 651 (5th Cir. 1994)(enforcing defendant's voluntary and knowing waiver of § 2255 rights); United States v. McKinney, 406 F.3d 744 (5th Cir. 2005)(enforcing a waiver of appeal rights that was signed prior to the issuance of United States v. Booker, 125 S. Ct. 738 (2005)).  His second and third claims, however, arguably fall outside the scope of his waiver.  Specifically, his claim that his counsel was ineffective for allegedly giving erroneous advice regarding his likely sentence, which, in turn, induced a guilty plea by Trevino, falls outside the scope of the waiver.  So, too, does his claim that the government breached the plea agreement.  Both of these claims are direct challenges to the validity of the plea and the waiver.  See, e.g., United States v. White, 307 F.3d 336, 343-44 (5th Cir. 2002)(an ineffective assistance claim survives a waiver "only when the claimed assistance directly affected the validity of that waiver or the plea itself"); United States v. Branam, 231 F.3d 931, 931 n.1 (5th Cir. 2000)(considering defendant's argument that United States breached the plea agreement, despite an appeal-waiver provision in the plea agreement).  Thus, the Court turns first to these two claims.[2]

## B.    Ineffective Assistance of Counsel As to Plea

An ineffective assistance of counsel allegation presented in a § 2255 motion is properly analyzed under the two-prong analysis set forth in Strickland v. Washington, 466 U.S. 668, 104 S. Ct.

---

[2]      The merits of these two claims present threshold issues.  If the Court were to determine that the plea was involuntary or that the government breached the plea agreement, the waiver, too, would be called into question.  The Court concludes herein, however, that Trevino's plea was voluntary and that the government did not breach the agreement.  Thus, the waiver of his § 2255 rights is valid and enforceable as to his other claim.

5

2052 (1984).  United States v. Willis, 273 F.3d 592, 598 (5th Cir. 2001).  To prevail on a claim of

ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both

deficient and prejudicial.  Id.  This means that a movant must show that counsel's performance was

outside the broad range of what is considered reasonable assistance and that this deficient

performance led to an unfair and unreliable conviction and sentence.  United States v. Dovalina, 262

F.3d 472, 474-75 (5th Cir. 2001).  If the movant fails to prove one prong, it is not necessary to analyze

the other.  Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994), cert. denied, 514 U.S. 1071, 115 S.

Ct. 1709 (1995) ("A court need not address both components of the inquiry if the defendant makes an

insufficient showing on one"); Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove

either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

    As noted, Trevino argues that his guilty plea was not knowing and voluntary because his

counsel gave erroneous advice regarding the sentence he would likely receive.  Specifically, he

alleges that his counsel induced him to plead guilty by telling him that he was "looking at" a sentence

of 37 months.

    As an initial matter, even if it were true that his attorney had told him he would likely receive

a sentence of 37 months, it is well established in this Circuit that an attorney's erroneous prediction

as to what sentence a defendant will receive does not render a guilty plea "unknowing" or

"involuntary."  United States v. Santa Lucia, 991 F.2d 179, 180 (5th Cir. 1993); Daniel v. Cockrell,

283 F.3d 697, 703-704 (5th Cir. 2002) (collecting cases).

    Moreover, any contention that he was advised he would receive a sentence of 37 months is

flatly contradicted by his own testimony at his rearraignment.  Specifically, Trevino testified in open

court at his rearraignment that he had enough time to discuss his case with his attorney, that his attorney

had answered his questions, was following his instructions, that his attorney still makes time to see

6

him in jail and take his phone calls, that he was able to communicate completely with his attorney, and that he was satisfied with the advice and efforts of his attorney's services. (R. Tr. at pp. 12-14). Trevino was made aware of the charge against him and testified that he understood it. (R. Tr. at 14-15). The court explained in great detail to Trevino that he had a right to a jury trial. (R. Tr. at 16-20). The Court extensively questioned Trevino to ensure that he understood the nature of the crime to which he was pleading, and that his plea was voluntary.

The Court also explained the maximum punishment that Trevino might receive, which was a maximum term of imprisonment of forty years, and also explained that he was subject to a statutory minimum sentence of five years. (R. Tr. at 26-28). Trevino testified that no one had promised him anything in exchange for his plea (including any promise for a downward departure or safety valve relief), that no one had forced him to plead guilty, and that his decision to do so was entirely voluntary. (R. Tr. at 23-24, 31).

Thus, at the time that he pleaded guilty, the Court properly and fully assured itself that Trevino's plea was knowing and voluntary, as a trial judge is required to do. See James v. Cain, 56 F.3d 662, 666 (5th Cir. 1995); Taylor v. Whitley, 933 F.2d 325, 329 (5th Cir. 1991), cert. denied, 112 S. Ct. 1678 (1992) (defendant must have a full understanding of what the plea connotes and of its consequences).

Trevino's sworn statements in open court are entitled to a strong presumption of truthfulness. United States v. Lampaziane, 251 F.3d 519, 524 (5th Cir. 2001) (citing Blackledge v. Allison, 431 U.S. 63, 74, 97 S. Ct. 1621, 1629 (1977)); Wilkes, 20 F.3d at 653 (citing Blackledge for same proposition). Indeed, the Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy." United States v. Cothran, 302 F.3d 279, 283-84 (5th Cir. 2002). In his statements, Trevino stated both that no one had promised him any sentence, and that he understood only the Court could

determine his sentence.  His sworn statements also reflect that he was informed about the statutory minimum sentence applicable to his offense, which was exactly the sentence he received.[3]  Those sworn statements preclude the relief he seeks here, because they contradict any assertion that he was misled about his sentence or promised any specific sentence.[4]

Additionally, a defendant suffers no prejudice due to receiving misinformation from his attorney where the plea colloquy reflects that the district court corrected any such misinformation.  See Lott v. Hargett, 80 F.3d 161, 167-68 (5th Cir. 1996).  Thus, even if Trevino's allegations concerning misstatements by his attorney were true, it is clear that any misinformation Trevino received from his attorney regarding his sentence was corrected by this Court prior to its acceptance of his guilty plea.

In short, it is clear that Trevino cannot show that he would have insisted on going to trial but for counsel's performance, despite his bare allegations now to the contrary.  Thus, Trevino cannot prove the prejudice prong of the Strickland inquiry, and it is unnecessary to determine whether his counsel's performance on this issue was deficient. His ineffective assistance claim fails.

_____

[3]    After hearing testimony at sentencing, the Court determined that Trevino's role in the offense was that of a leader, and his sentence was enhanced by two offense levels. Because of that finding, Trevino was not eligible for relief under the so-called "safety valve" provision. (D.E. 45, Sentencing Transcript ("S. Tr.") at 16).  The safety valve allows the court to sentence certain defendants without regard to the statutory minimum.  U.S.S.G. § 5C1.2.  It is the defendant's burden to prove all of the facts supporting the safety valve reduction.  United States v. Flanagan, 80 F.3d 143, 146-47 (5th Cir. 1996).  A defendant does not qualify for the safety valve, however, if he was an organizer, leader, manager or supervisor of others in the offense.  18 U.S.C. § 3553(f)(3).  The government also indicated at sentencing that it would also not recommend safety valve because it believed he was being untruthful. See 18 U.S.C. § 3553(f)(5)(in order to be eligible for safety valve, the defendant must also truthfully provide to the government all information and evidence he has concerning the offense not later than the time of the sentencing hearing).

[4]    Trevino's motion does not appear to be claiming that his counsel "promised" him he would receive a 37-month sentence, but rather that his counsel advised him that was the likely sentence he would receive.  In any event, Trevino could proceed on a claim that he was promised a specific sentence, in the face of his inconsistent statements under oath, only under narrow circumstances. See United States v. Cervantes, 132 F.3d 1106, 1110 (5th Cir. 1998). Specifically, a defendant may seek habeas relief on the basis of alleged promises, even though inconsistent with his representations in open court, by proving: (1) the exact terms of the alleged promise; (2) exactly when, where, and by whom the promise was made; and (3) the precise identity of an eyewitness to the promise. 132 F.3d at 1110. A defendant is entitled to an evidentiary hearing on the issue if he can produce evidence showing the merit of his allegations, typically in the form of an affidavit from a reliable third party.  Id.  Trevino has not presented any evidence showing the merit of his allegations, and thus would be unable to obtain relief even under the Cervantes exception.

**C.      Government's Alleged Breach of Plea Agreement**

Similarly, his contention that the government breached the plea agreement is without merit. The agreement with the government provided that the decision as to whether to file a motion for substantial assistance "rests within the sole discretion of the Government." (D.E. 15 at ¶ 3). The Court made sure that Trevino understood this prior to accepting his guilty plea:

> THE COURT: You have a provision for substantial assistance, if you choose to take advantage of it. If you do, in your opinion, truthfully and substantially cooperate and the U.S. Attorney disagrees with you and does not file a motion for downward departure, there's nothing you can do about that. Do you understand that?
>
> ***
>
> THE COURT: Mr. Trevino?
>
> DEFENDANT TREVINO: Yes, Your Honor.

(R. Tr. at 25-26). The government and Mr. Trevino's counsel both indicated at sentencing that he had debriefed, but that the government did not believe him. (S. Tr. at 4, 16). It was within the government's sole discretion to move for a substantial assistance departure, and it is clear from his testimony under oath that Trevino knew and understood this. The government's decision not to so move does not constitute a breach of the plea agreement.

For the foregoing reasons, the Court finds that Trevino's guilty plea was both knowing and voluntary, and therefore his waiver of his § 2255 rights is enforceable and bars the remainder of his claims. The effect of the waiver is discussed more fully in the subsequent section.

**D.      Waiver of § 2255 Rights**

It is clear from the rearraignment transcript that Trevino understood that he was waiving his right both to appeal (except under certain circumstances) and to file any § 2255 motions, all that is required for his waiver to be enforceable. (R. Tr. at 22). See Wilkes, 20 F.3d at 653

9

(waiver is knowing if defendant understood he had a right, and understood he was giving it up). Again, his statements under oath are entitled to a strong presumption of truthfulness.  Lampaziane, 251 F.3d at 524; Wilkes, 20 F.3d at 653; United States v. Cothran, 302 F.3d at 283-84.  Those statements support a finding that his wavier was knowing and voluntary.  Thus, while his ineffective assistance claim as to his plea and his claim that the government breached the plea agreement are denied on the merits, his remaining claim concerning his confession falls within the scope of his waiver.  His remaining claim, therefore, is not properly before the Court.  See generally Wilkes, supra; White, supra.

**E.      Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253 (c)(1)(A).  Although Trevino has not yet filed a notice of appeal, this Court nonetheless addresses the determination of whether he would be entitled to a COA.  See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000)(it is appropriate for district court to address *sua sponte* issue of whether a COA should be granted or denied).

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims  debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented

deserved encouragement to proceed further.  United States v. Jones, 287 F.3d 325, 329 (5th Cir.

2002) (relying upon Slack, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must

show both that "jurists of reasons would find it debatable whether the petition states a valid claim

of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the

district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

The Court concludes that reasonable jurists could not debate the denial of Trevino's

§ 2255 motion on substantive grounds nor find that the issues presented are adequate to deserve

encouragement to proceed. Miller-El, 123 S. Ct. at 1034 (citing Slack, 529 U.S. at 484, 120 S.

Ct. at 1604).  Similarly, as to those claims that this Court has addressed solely on procedural

grounds, the Court finds that Trevino cannot establish either of the Slack criteria.  That is, jurists of

reasons would not debate whether he has stated a valid claim of the denial of a constitutional right,

nor would they find this Court's procedural rulings debatable.  Accordingly, Trevino is not

entitled to a COA as to his claims.

## V.  CONCLUSION

For the foregoing reasons, the government's motion to dismiss (D.E. 46) is GRANTED, and

Trevino's motion to vacate, correct, or set aside his sentence pursuant to  28 U.S.C. § 2255 (D.E. 40)

is DENIED WITH PREJUDICE.  Additionally, Trevino is DENIED a Certificate of Appealability.

ORDERED this 23rd day of June, 2005.

_Janis Graham Jack_

Janis Graham Jack
United States District Judge